Argued October 14, reversed and remanded November 19, 1952

## STATE OF OREGON *v.* LOGSDON
### 250 P. 2d 377

*James O. Goodwin,* of Oregon City, argued the cause for appellant. With him on the brief was Glenn R. Jack, of Oregon City.

*Walter J. Apley,* Deputy District Attorney for Clackamas County, of Oregon City, argued the cause for respondent. With him on the brief were George Neuner, Attorney General, of Salem, and Winston L. Bradshaw, District Attorney for Clackamas County, of Oregon City.

Before BRAND, Chief Justice, and ROSSMAN, LUSK, LATOURETTE and WARNER, Justices.

ROSSMAN, J.

This is an appeal by the defendant from a judgment of the circuit court, based upon a verdict, which adjudged him guilty of the misdemeanor prohibited by § 23-928, OCLA, and termed in the indictment "Conducting and carrying on a Gambling Game." The judgment sentenced the defendant to pay a fine of $500.

The indictment which culminated in the attacked judgment was returned by the grand jury for Clackamas county May 22, 1951. Three of the members of that body, as witnesses for the state, testified to admissions against interest which the defendant made to the grand jury when he appeared before it in obedience to a subpoena which had been served upon him. The issuance of the subpoena was procured by the state, and the defendant was under oath when he made the admissions. During the opening stages of the trial, the district attorney for Clackamas county, addressing the trial judge, declared: "It is stipulated he was under subpoena to appear before the grand jury." By the pronoun "he" the district attorney meant the defendant.

When the first of the three witnesses just mentioned was asked by the district attorney to repeat the statements which the defendant made to the grand jury "concerning the operation of any game at Lowes' Place, the defendant moved for an order "quashing the indictment on the grounds and for the reason that the defendant was an involuntary witness, and that he appeared before the grand jury in response to a subpoena." The purported "game at Lowes' Place" was the basis for the criminal charge made by the grand jury. According to the state, the "game at Lowes' Place" was a game of chance in which the players

staked money upon the fall of dice; in short, it was a crap game. Further, according to the state, the defendant was the sponsor of the game and made a profit through its operation.

The motion just mentioned was based upon §§ 23-932 and 23-933, OCLA, which read, respectively:

"No person otherwise competent as a witness under the laws of this state shall be disqualified from testifying as such concerning the offenses mentioned in this act on the ground that his testimony may criminate himself. Such testimony shall be reduced to writing, and no indictment or prosecution shall afterwards be brought against him for the particular offense concerning which he testified as a witness."

"If any person who shall have been summoned as a witness on the part of the prosecution shall fail or refuse to attend at the time fixed for trial, without a reasonable excuse, the person so failing or neglecting shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine of not less than $50 nor more than $200, or by imprisonment in the county jail not less than twenty-five days nor more than three months, or by both such fine and imprisonment, in the discretion of the court."

The defendant's motion was overruled. The sections of our laws which we quoted were parts of Oregon Laws, 1876, pp 41, 42, which pertained to gaming.

The ruling which denied the defendant's motion to quash the indictment is the basis for the assignment of error submitted by the defendant.

After the circuit court had refused to quash the indictment, the witness, who was, as we have said, one of the former grand jurors, recounted the statements made by the defendant to the grand jury when he appeared before it. According to the witness, the

defendant told the grand jury that he and the owner of Lowes' Place had "a little business together, a little game of dice" and that the profits were "split three ways." He swore that the "game of dice" was conducted July 3, 1950, in Lowes' Place during the annual Molalla Buckeroo. In testifying before the grand jury, the defendant occasionally termed the game "a crap game", so the witness declared.

Another of the three former grand jurors testified that the defendant, in response to the questioning to which he was subjected before the grand jury, "replied, 'well, of course, there were games,' that there was a dice game, * * *" and that they participated in the profit from this game. The pronoun "they" included the defendant.

The third former grand juror swore that the defendant told the grand jury that "he [defendant] had an agreement with the Buckeroos there as to this gambling and the Buckeroos would get a third and the other parties would get the rest of it, whatever it happened to be."

After the cause had been appealed to this court, counsel for the state and the defendant filed in this court a document entitled Stipulation, which bears the name of this case and contains this statement:

"The appeal in the above entitled case presents the same issues as the appeal in the case of State v. Hennessey, decided by the Supreme Court on June 18, 1952."

The decision in *State v. Hennessey* is reported in 195 Or 355, 245 P2d 875. The stipulation also says:

"The parties hereto acting through their respective attorneys of record agreed prior to the determination of the case of State v. Hennessey that the determination of said legal points in said

case would be accepted as a final determination of the above entitled case."

In view of the stipulation, we deem it unnecessary to set forth any more of the evidence which was given during the course of the trial. It suffices to indicate that the defendant was summoned before the grand jury by the state and that while he was before that body he gave testimony "concerning the offenses mentioned in this act," that is, §§ 23-928 to 23-933, both inclusive. The testimony which he then gave was recounted to the trial court after he had moved the court to quash the indictment. We believe that this case is a counterpart of *State v. Hennessey* and that its issues are governed by the principles stated in the opinion filed in that case. We are satisfied that *State v. Hennessey* was correctly decided and that error was committed when the motion to quash the indictment was denied.

The assignment of error submitted by the defendant is sustained. The challenged judgment is reversed and the cause is remanded to the circuit court so that it may quash the indictment and discharge the defendant.